Randall A. Peterman, ISB No. 1944
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
rap@moffatt.com
23389.0000

Elizabeth W. Walker, California State Bar No. 113545
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone (213) 896-6000
Facsimile (213) 896-6600
ewalker@sidley.com

Attorneys for Secured Creditor Credit Suisse AG,
Cayman Islands Branch (formerly known as Credit Suisse,
Cayman Islands Branch)

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>TAMARACK RESORT, LLC,<br><br>             Debtor. | Case No. 09-03911-TLM<br>Chapter 7 |

## AMENDED MOTION OF CREDIT SUISSE AG FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Credit Suisse AG, Cayman Islands Branch (formerly known as

Credit Suisse, Cayman Islands Branch) ("Credit Suisse"), and files this Amended Motion for

Relief from the Automatic Stay ("Motion") pursuant to 11 U.S.C. Sections 362 (d)(1) and (2).

## I.    INTRODUCTION

Credit Suisse requests relief from the automatic stay as to both the alleged debtor Tamarack Resort LLC ("TRLLC") and the property of the estate of TRLLC, consisting of real property identified on Exhibit "1" attached hereto, and any improvements or fixtures or appurtenances to such real property ("Real Property"), which is the Tamarack Resort. This relief is appropriate under Sections 362(d)(1) and 362(d)(2).

**First,** there is "cause" to lift the stay under Section 362(d)(1). The Real Property includes property that is the subject of litigation in *Credit Suisse v. Tamarack Resort LLC, et al.,* Case No. CV-08-114C ("*Tamarack*"), which has been pending for more than 21 months and is on the eve of trial in the Fourth Judicial District of the State of Idaho, in and for the County of Valley ("Foreclosure Action"). Lifting the stay to allow the completion of litigation in the Foreclosure Action is appropriate because, among other reasons: (a) judicial efficiency is best served by allowing the rights of all parties that claim interests in the property to be resolved in a single action before a judge who has extensive knowledge of the legal and factual issues; (b) the four creditors that have commenced this involuntary proceeding claim only minimal interests in the property that are insufficient to justify stopping the imminent state court adjudication of other creditors' far more substantial claims against the property; (c) there is no risk of inconsistent adjudications regarding alleged debtor TRLLC's rights or obligations because TRLLC has decided not to continue litigating in the Foreclosure Action; and (d) without relief, petitioning creditor Banc of America Leasing & Capital, LLC ("BALC") will succeed in misusing the bankruptcy process to achieve its long-sought objective of improperly avoiding and interfering with the state court's jurisdiction in the Foreclosure Action.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 2**

**Second,** relief from the stay is proper under Section 362(d)(2) because: (a) TRLLC does not have equity in the Real Property; and (b) the Real Property is not necessary to an effective reorganization.

Accordingly, Credit Suisse respectfully requests either: (a) relief from the automatic stay so as to allow the Foreclosure Action to proceed to final judgment; or, alternatively, (b) relief from the automatic stay so as to allow the Foreclosure Action at least to proceed through the end of the trial and the entry of findings of fact and conclusions of law by the state court.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Credit Suisse's Loan And BALC's Leases To TRLLC

Before 2000, TRLLC embarked upon the development of a four-season resort near Donnelly, Idaho. While TRLLC owned some of the real property constituting the resort, more than 2,000 acres of the resort consisted of land that TRLLC leased from the State of Idaho State Land Board. The fee land and the leased land constitute a portion of the Real Property.

In May 2006, TRLLC obtained a loan in the principal amount of $250,000,000 from Credit Suisse and collateralized the obligation with a properly recorded mortgage ("Mortgage") on the fee land and the leased land. The Mortgage encumbered virtually all of TRLLC's assets, whether tangible or intangible.

In December of 2006, BALC entered into two leases ("Leases") with TRLLC. Those leases included certain equipment, including two ski lifts ("Ski Lifts").

### B.   The Foreclosure Action

After TRLLC defaulted on its obligations to Credit Suisse under the Mortgage and otherwise, Credit Suisse filed the Foreclosure Action on March 11, 2008 to: (1) foreclose its

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 3**

mortgage interest and its security interest against the collateral granted it by TRLLC;
(2) foreclose the interests of all parties who hold a subordinate claim or interest in the collateral,
and (3) prioritize all such rights. The Foreclosure Action is pending before the Honorable
Patrick Owen.

Since March 11, 2008, twenty different cases have been consolidated into the
Foreclosure Action because they raise common issues of fact and law involving the Real
Property, and the foreclosure of various parties' interest in such collateral. There originally were
approximately 80 parties involved, many of whom have filed answers, counterclaims, cross-
claims, or third-party claims against one another.

To date, Credit Suisse has filed twenty-one (21) partial summary judgment
motions; seventeen (17) of those motions have been decided and Credit Suisse prevailed on all
but one. A Memorandum Decision and Order by Judge Owen is attached as Exhibit "18" to
demonstrate the width and breadth of Judge Owen's knowledge of the facts and law regarding
the lien claims. Judge Owen's rulings on the partial summary judgment motions have radically
reduced the number of lien priority issues that will require resolution at trial and the number of
defendants who will likely be involved in the trial.

In addition, a decision was pending on one of Credit Suisse's motions for partial
summary judgment at the time the involuntary petition was filed. Credit Suisse had also filed
three (3) other partial summary judgment motions that will be ready for oral argument (once the
automatic stay is lifted), and it is prepared to file (once the automatic stay is lifted)
approximately 23 default judgments and judgments against disclaiming defendants. These
parties will have no interest in the trial, which will further winnow the number of defendants
involved in the trial.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 4**

Based on these rulings, there are approximately seventeen parties that might be involved in the trial. Those parties include Credit Suisse, approximately fourteen lien claimants ("Remaining Lien Claimants") who still claim priority over the Credit Suisse Mortgage, BALC, and BAG.

There is minimal discovery remaining in the Foreclosure Action. Credit Suisse had scheduled (and has now cancelled because of the automatic stay) three depositions, and was in the process of scheduling the depositions of four of the Remaining Lien Claimants. Credit Suisse was in the process of responding to written discovery propounded by the general contractor and was also awaiting the responses to written discovery propounded by Credit Suisse on one of the Remaining Lien Claimants. Written discovery will need to be undertaken by Credit Suisse and against BAG, and vice versa.

Credit Suisse also served discovery on BALC on November 17, 2009. The discovery responses were due by December 16, 2009. Instead of making a good faith effort to answer that discovery and advance the Foreclosure Proceeding, BALC has taken the position that the automatic stay prevents it from responding to such discovery. Otherwise, all discovery has been completed. Unless stay relief is granted, Credit Suisse will be prevented from proceeding with such discovery and will not be adequately prepared for the trial on March 1-31, 2009.

Credit Suisse is willing and able to proceed with the trial in the Foreclosure Action, which is set for March 1-31, 2010, so long as it is granted stay relief so as to complete the remaining limited discovery and motion practice. So far as Credit Suisse is aware, all other parties to the Foreclosure Action are similarly prepared for trial, other than BALC.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 5**

C.     **BALC's Previous Attempts To Avoid Litigation In The Foreclosure Action**

Since the beginning of the Foreclosure Action, BALC has been named as a

Defendant and has participated in the litigation.  In each of the three complaints it has filed in

that action, Credit Suisse has alleged that BALC "claims an interest in certain equipment located

at the Project" and has sought foreclosure of Credit Suisse's interest in the collateral as against

BALC.  Although BALC filed answers to all of Credit Suisse's complaints against it, BALC did

not file a counterclaim against Credit Suisse, or even allege an interest in the Ski Lifts of any

equipment that is superior to Credit Suisse's interests.

Instead, in March of 2009, twelve months after the commencement of the

Foreclosure Action, BALC commenced the separate action *BALC v. TRLLC, et al.,* Case No.

CV-09-114C, in the Fourth Judicial District of the State of Idaho, in and for the County of

Valley ("BALC Litigation").  BALC asserted claims against TRLLC for breach of the Leases

and for claim and delivery of the leased Ski Lifts.

Although BALC did not name Credit Suisse as a defendant, Credit Suisse

successfully (1) moved to intervene in the BALC Litigation (over BALC's objection),

(2) opposed BALC's request for an order allowing immediate claim and delivery of the Ski Lifts,

and (3) moved to dismiss the BALC Litigation under Idaho Rule of Civil Procedure 12(b)(8)

based on the pendency of the Foreclosure Action involving the same parties and claims.  In

August 2009, the judge in the BALC Litigation denied BALC's requested claim and delivery

order and granted Credit Suisse's motion to dismiss.  The state court in the BALC Litigation

ruled that the issue of the relative rights and priorities of BALC and Credit Suisse should be

determined by the original court where such matters were raised—the court in the Foreclosure

Action.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 6**

On October 20, 2009, BALC filed in the Foreclosure Action a Motion to Amend
Pleadings ("Motion to Amend"), together with a proposed Amended Answer and Amended
Cross Claim ("Amended Pleading"). The Motion to Amend was unopposed, and on
November 12, 2009, Judge Owen orally ruled that the Court (1) granted the Motion to Amend;
and (2) ordered BALC to file its Amended Pleading.

Although Credit Suisse did not oppose the Motion to Amend, Credit Suisse has
taken the position and has reserved its right to assert in response to BALC's filed Amended
Pleading that BALC has waived any right to challenge Credit Suisse's priority in the Foreclosure
Action by failing to assert that challenge in a timely compulsory counterclaim in response to
Credit Suisse's complaint. Despite the passage of more than a month since entry of the Court's
order that BALC file its Amended Pleading, BALC still has not filed that Pleading. Instead, as
described below, BALC has once again attempted to avoid litigation of its claims in the
Foreclosure Action – and to prevent the other parties from having their rights adjudicated in that
Action – by filing the Involuntary Petition.

D.     **The Involuntary Petition**

On December 11, 2009, BALC and three other creditors[1] (initiated this
proceeding by filing an Involuntary Petition. Credit Suisse's counsel anticipates that (1) TRLLC
will file a responsive pleading to the Involuntary Petition, contest the Involuntary Petition, and
take the issue of the Involuntary Petition to trial, (2) such trial will occur in late January or

---

[1] The other three creditors are Petra, Incorporated ("Petra"), Hobson Fabricating Corp.
("Hobson"), and TMG/DP Miller LLC ("TMG") (together with BALC, the "Petitioning
Creditors").

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 7**

February of 2010, and (3) unless this Motion is granted immediately, the in the Foreclosure

Action therefore will not move forward in a timely fashion.

       Credit Suisse intends to immediately file a motion under Section 305(a) of the

Bankruptcy Code, requesting that this Court dismiss the Involuntary Petition, or suspend all

proceedings regarding the Involuntary Petition.  Because that motion will probably not be heard

until the trial of the Involuntary Petition, Credit Suisse seeks immediate stay relief by the filing

of this Motion.

### III.    ARGUMENT

       Relief from the automatic stay should be granted for two reasons.  <u>First</u>, there is

"cause" for such relief under 11 U.S.C. Section 362(d)(1).  <u>Second</u>, such relief is proper under

Section 362(d)(2) because (a) TRLLC has no equity in the Real Property; and (b) the Real

Property is not necessary to an effective reorganization under the Chapter 7 bankruptcy proposed

in the Involuntary Petition, which seeks Chapter 7 relief.

### A.    There Is Cause For Relief From The Automatic Stay Under Section 362(d)(1)

      As this Court has recognized:

> "Cause" is not defined in the Bankruptcy Code, and the Court must
> make a case by-case determination whether it exists for each
> request for discretionary relief from the automatic stay.
> *MacDonald v. MacDonald (In re MacDonald),* 755 F.2d 715, 717
> (9th Cir. 1985);  *In re Beguelin,* 220 B.R. 94, 97-8 (9th Cir. B.A.P.
> 1998).

*In re Davids*, 02.1 IBCR 51, 52 (Bankr. Id. 2002).

       There is more than sufficient "cause" for the Court to exercise its discretion to

grant relief under Section 362(d)(1).

       **First**, lifting the stay will promote judicial efficiency by allowing the rights and

liabilities of all parties to the Foreclosure Action to be determined in that one proceeding before

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 8**

a state court judge with broad knowledge of the facts and applicable state law.  In contrast,

precluding the completion of litigation in the Foreclosure Action would require duplicative and

wasteful re-litigation before this Court, including the repetition of extensive discovery and

motion practice that already has occurred over more than 21 months under Judge Owen's careful

supervision in the Foreclosure Action.  *See, e.g., Christensen v. Tucson Estates, Inc. (In re*

*Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (stay lifted because "interests in

judicial economy supported letting the state litigation continue, given its six-year length and

status-the trial had already begun"); *Packerland Packing Co. v. Griffith Brokerage Co. (In re*

*Kemble)*, 776 F.2d 802, 807 (9th Cir. 1985) (affirming order lifting stay to allow litigation of

pending federal district court action because extensive preparation for retrial alone justified the

decision).[2]

      **Second**, the interests asserted by BALC and the other Petitioning Creditors in the

Foreclosure Action are minimal.  BALC has valued the Ski Lifts in which it claims an interest at

only $950,000.  Petra's lien claims are in the aggregate amount of $1.3 million.  TMG's lien

claims in the aggregate amount of $592,000 were the subject of two partial summary judgment

motions filed by Credit Suisse, which were to be heard on December 16 and 23, 2009.  And

Hobson Fabricating's lien claim has already been subordinated by a partial summary judgment

ruling entered by Judge Owen earlier in the case.  (See Exhibit "18")  There is no justification to

---

[2] *See also, e.g., Truebro, Inc. v. Plumberex Spec. Prod. Inc. (In re Plumberex)*, 331 B.R. 551,
556 (Bankr. C.D. Cal. 2004) ("Promoting judicial economy is a factor to be considered by
bankruptcy courts when deciding lift stay issues") (citing *Piombo Corp. v. Castlerock Props. (In
re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986); *In re Kemble*, 776 F.2d at 807).  To
determine whether judicial economy will be promoted by providing limited stay relief, courts
look at "whether the state-court litigation has progressed to trial-readiness" and "whether the
likelihood that investment of resources in trial preparation would be wasted if trial were
deferred." *Id.*

**AMENDED MOTION OF CREDIT SUISSE AG FOR**
**RELIEF FROM THE AUTOMATIC STAY - 9**

allow creditors with such minimal asserted interests to prevent or further delay the imminent trial and adjudication of the rights of parties with far more substantial interests in the property.

        **Third,** allowing the Foreclosure Action to continue creates no risk of inconsistent adjudications of alleged debtor TRLLCs' rights and obligations because TRLLC has decided not to continue litigating in the Foreclosure Action. The last document filed by TRLLC's counsel in the Foreclosure Action was Steven Millemann's Motion for Leave to Withdraw as Attorney of Record for TRLLC. (See Exhibit "19") In Mr. Millemann's Affidavit accompanying the Motion for Leave to Withdraw (see Exhibit "20"), he states under oath:

        a.    [T]hat upon the Court granting the Motion for Leave to Withdraw and the failure of Tamarack to file an appearance through a newly appointed attorney, *default judgments may be entered against Tamarack for all pending claims which are asserted against Tamarack in these consolidated actions; and, that any Cross claims or Counterclaims which have been asserted by Tamarack in these consolidated actions may be dismissed with prejudice,* all without further notice;

        b.    that, in consenting to the Motion for Leave to Withdraw, Tamarack should expect that the Court will not grant any request for continuance of the trial date set in these consolidated actions which might be requested by newly appointed attorneys for Tamarack, if any appear. . . .

        (Emphasis added).

This document makes clear that TRLLC's involvement in the state court trial in the Foreclosure Proceeding will be minimal. There is no reason for the automatic stay to prevent an adjudication of the rights of all parties other than TRLLC holding an interest in the Real Property, given the minimal nature of TRLLC's remaining interest in the Real Property.

        **Fourth,** without relief from the stay, BALC will succeed in misusing the bankruptcy process to achieve its long-sought objective of improperly avoiding and interfering with the state court's jurisdiction in the Foreclosure Action. In the BALC Litigation and the

**AMENDED MOTION OF CREDIT SUISSE AG FOR**
**RELIEF FROM THE AUTOMATIC STAY - 10**

Foreclosure Action, the positions of both BALC and Credit Suisse were set out in full. BALC maintains that: (a) the Leases are true leases; (b) the Ski Lifts are personal property; and (c) BALC holds a prior interest in the Ski Lifts. Credit Suisse maintains that: (a) the Leases are disguised security agreements; (b) the Ski Lifts are fixtures; and (c) Credit Suisse holds a prior interest in the Ski Lifts. Those matters, which are governed by state law, can best be resolved by the state court in the Foreclosure Action. As described above, BALC has attempted in the past to avoid and interfere with the state court's jurisdiction over these matters in the Foreclosure Action. Each of those attempts has been rejected for the central reason that BALC's claims belong in the Foreclosure Action. This Court likewise should reject this latest attempt by BALC to avoid and interfere with the state courts' jurisdiction.

**B.      Relief From The Stay Also Is Proper Under Section 362(d)(2)**

Even if this Court grants the Involuntary Petition under Chapter 7, there will be no reorganization of TRLLC. Thus, the second prong of subsection (d)(2) of Section 362(d) is satisfied—the Real Property is not necessary to an effective reorganization of the alleged debtor TRLLC. The only other element that needs to be satisfied to justify a stay under subsection (d)(2) is that the alleged debtor TRLLC lacks equity in the Real Property. That element is satisfied here as well.

The Real Property is encumbered by the Credit Suisse Mortgage. Pursuant to the Loan Documents, as of September 30, 2009, TRLLC owed an amount not less than $292,626,844.47 (the "Outstanding Amount Due"). Interest, costs and fees continue to accrue. In addition, between $10 million and $25 million of liens have been filed by the various defendants in the Foreclosure Action. Credit Suisse will adduce evidence at the hearing on this Motion establishing that the value of the Real Property is less than the Outstanding Amount Due

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 11**

(exclusive of the additional $10 million to $25 million in asserted lien claims), and fulfill its

burden of proof as to this Motion under Section 362(g).

Three of the four Petitioning Creditors are secured creditors holding lien rights in

property of the estate of the alleged debtor TRLLC. The final Petitioning Creditor is BALC,

which holds a leasehold or security interest in the Ski Lifts. Section 303(b)(1) requires that each

such creditor hold "noncontingent, undisputed claims [in an] aggregate [of] at least $13,475

*more than the value of any lien on property of the debtor securing such claims held by the*

*holders of such claims."* (Emphasis added.) By the very filing of the Involuntary Petition, each

Petitioning Creditor has admitted that it holds an unsecured deficiency claim against TRLLC,

and that there is no equity in the Real Property which is property of the estate. Otherwise, the

filing of the Involuntary Petition was undertaken in bad faith by the Petitioning Creditors. This

fact alone establishes lack of equity.

This Court has previously differentiated between relief from the automatic stay

under Section 362(d)(1), which grants stay relief as to the *debtor*, and relief from the automatic

stay under Section 362(d)(2), which grants stay relief as to the *property of the estate* of the

debtor—here, the Real Property. (*In re Davids,* 02.1 IBCR 51, 54, n.4 (Bankr. Id. 2002).) If the

trial is to proceed in the Foreclosure Action such that *all parties'* rights are to be determined, this

Court should grant relief as to both the debtor and the property of the estate of the debtor which

is the Real Property. Otherwise total relief cannot be granted to all parties in the trial of the

Foreclosure Action.

### C.    Information Required By Local Rule 4001.2 Of The Local Rules Of Bankruptcy Procedure

Local Rule 4001.2(b) of the Local Rules of Bankruptcy Procedure states as

follows regarding a motion under Section 362(d):

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 12**

The motion shall:

> (1)     identify the nature of the stay relief sought;

> (2)     Provide the details of the underlying obligation or liability upon which the motion is based;

> (3)     Contain an itemization of amounts claimed to be due upon the obligation;

> (4)     When appropriate, state the estimated value of any collateral for the obligations and the method used to obtain the valuation;

> (5)     Attach accurate and legible copies of all documents evidencing the obligation and the basis of perfection of any lien or security interest;

> (6)     Attach copies of recorded documents if any documents are recorded with the secretary of state, county recorder, or other lawfully designated recording agency;

> (7)     Include the notice required by subsection (g) and the proof of service required by subsection (h);

> (8)     Be accompanied by a proposed order for entry by the court in the event of lack of objection, which order shall comply with LBR 9004.1 and subsection (j) of this rule.

**1.     Subsection (b)(1) of Local Bankruptcy Rule 4001.2**

As to subsection (b)(1), the nature of the relief sought is as outlined in the prayer for relief of this Motion.

**2.     Subsection (b)(2) of Local Bankruptcy Rule 4001.2**

As to subsection (b)(2), the details of the underlying transaction are as follows:

**a.     The Property**

This action arises out of a loan in the amount of $250,000,000 obtained by TRLLC in May 2006 in connection with the refinance, development, and construction of the project known as Tamarack Resort, a master planned upscale resort development and ski area located in the counties of Valley and Adams in the State of Idaho (the "Project"). The loan is

**AMENDED MOTION OF CREDIT SUISSE AG FOR RELIEF FROM THE AUTOMATIC STAY - 13**

secured by, among other things, the real property on which the Project is situated and the improvements thereon, as well as other collateral.

TRLLC is (i) the 100% fee simple owner of a portion of certain real property known as "Tamarack Resort" (the "Fee Property"), (ii) the tenant and holder of leasehold title in and to the ski hill and a portion of the golf course located at Tamarack Resort (the "State Leased Property"), (iii) the holder of the leasehold title to the golf course and related property (the "Golf Leased Property" and, collectively with the Fee Property and the State Leased Property, the "TRLLC Real Property"), and (iv) the owner of all other Collateral (as defined in the TRLLC Mortgage (as defined below) (collectively, the "TRLLC Collateral")).  The TRLLC Real Property and TRLLC Collateral are collectively referred to herein as the "TRLLC Property".

Tamarack Whitewater Construction LLC ("TRC Whitewater") and Village Plaza Construction, LLC ("TRC Village Plaza") were and/or are subsidiaries of TRLLC, which have purportedly merged with and into TRLLC, and that TRC Whitewater and TRC Village Plaza collectively were and/or are (i) the 100% fee simple owners of a portion of certain real property known as "Tamarack Resort" (the "TRC Whitewater/TRC Village Plaza Real Property"), and (ii) the owners of all other Collateral (as defined in the TRC Whitewater/TRC Village Plaza Mortgage (as defined below) (collectively, the "TRC Whitewater/TRC Village Plaza Collateral")).  The TRC Whitewater/TRC Village Plaza Real Property and TRC Whitewater/TRC Village Plaza Collateral are collectively referred to herein as the "TRC Whitewater/TRC Village Plaza Property".

The TRLLC Real Property, and the TRC Whitewater/TRC Village Plaza Real Property are collectively referred to herein as the "Real Property", which is legally described in Exhibit "1", attached hereto.  The Real Property, the TRLLC Collateral, the TRC

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 14**

Whitewater/TRC Village Plaza Collateral, and any and all other collateral for the loan described in the Loan Documents (as defined below), are collectively referred to herein as the "Property."

b.    <b>The Loan</b>

On or about May 19, 2006, TRLLC entered into that certain Credit Agreement, pursuant to which TRLLC obtained a loan (the "Loan") in the initial principal amount of $250,000,000, for the purposes of (i) refinancing the existing indebtedness owed by TRLLC to third party lenders, (ii) funding certain development and construction costs of the Project, and (iii) funding certain reserves, transaction costs, and repayment of accounts payable in connection with the Project.  A true and correct copy of the Credit Agreement is attached hereto as Exhibit "2".

To secure payment of the principal sum, interest thereon, and all other charges as provided for in the Credit Agreement, the following documents, among others, were executed and delivered to Credit Suisse:

(a)    A Mortgage, Leasehold Mortgage, Security Agreement, Assignment of Rents and Leases and Financing Statement ("TRLLC Mortgage") dated as of May 19, 2006, encumbering the Collateral (as defined in the TRLLC Mortgage), including, but not limited to, the TRLLC Property, which was recorded (i) with the County Recorder of Valley County, Idaho on May 19, 2006 as Instrument No. 308953, a true and correct copy of which is attached hereto as Exhibit "3", and (ii) with the County Recorder of Adams County, Idaho on May 22, 2006 as Instrument No. 111741, a true and correct copy of which is attached hereto as Exhibit "4";

(b)    A Mortgage, Security Agreement, Assignment of Rents and Leases and Financing Statement ("TRC Whitewater/TRC Village Plaza Mortgage", together with the TRLLC Mortgage, sometimes hereinafter referred to collectively as the "Mortgages") dated May

19, 2006, encumbering the Collateral (as defined in the TRC Whitewater/TRC Village Plaza

Mortgage), including, but not limited to, the TRC Whitewater/TRC Village Plaza Property,

which was recorded with the County Recorder of Valley County, Idaho on May 19, 2006 as

Instrument No. 308952, a true and correct copy of which is attached hereto as Exhibit "5"; and

        (c)     A Subsidiary Guaranty dated as of May 19, 2006 ("Subsidiary Guaranty"),

a true and correct copy of which is attached hereto as Exhibit "6", by TRC Whitewater and TRC

Village Plaza and other subsidiaries of TRLLC for the benefit of Credit Suisse, pursuant to

which the Guarantors (as defined in the Subsidiary Guaranty) unconditionally, absolutely and

irrevocably guaranteed TRLLC's prompt and complete payment, observance, fulfillment and

performance of all Guarantied Obligations (as defined in the Subsidiary Guaranty).

        On or about June 16, 2006, to reform and correct a typographical error contained

in the legal description of the TRLLC Mortgage, TRLLC executed the Affidavit To Correct

Legal Description ("Affidavit"), recorded with the County Recorder of Valley County, Idaho on

June 19, 2006 as Instrument No. 309965, a true and correct copy of which is attached hereto as

Exhibit "7"

        The Credit Agreement (as amended as set forth below), the Mortgages, the

Subsidiary Guaranty, and all other documents that evidence, govern or secure the Loan are

referred to herein collectively as the "Loan Documents."

      **c.**      **TRLLC's Defaults**

      **(1)**      <u>**Summary of Defaults**</u>

        As set forth below, from and after June 30, 2007, TRLLC has been in default

under the Credit Agreement for, among other things, (i) TRLLC's failure to comply with the

Total Debt LTV Ratio covenant as of June 30, 2007 (as used herein, "Total Debt LTV Ratio"

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 16**

shall have the same definition as in the Credit Agreement), (ii) TRLLC's failure to comply with

the Liquidity Test covenant as of June 30, 2007 (as used herein, "Liquidity Test" shall have the

same definition as in the Credit Agreement), (iii) TRLLC's failure to pay the principal and

interest payment in the amount of $4,855,510.27 due and owing on December 31, 2007, (iv)

TRLLC's unauthorized merger of TRC Whitewater, TRC Village Plaza and other TRLLC

Subsidiaries (as defined below) with and into TRLLC on or about February 15, 2008, without the

consent of Credit Suisse, (v) TRLLC's failure to deliver an Officer's Certificate (as defined in

the Credit Agreement), giving Credit Suisse notice of the mergers described below, (vi) the

recordation of 91 notices of mechanic's liens against the Property between November 2007 and

December 2008, which liens total nearly $23 million and are unauthorized encumbrances on the

Property, (vii) the filing of over 55 Notices of Delinquent Assessments and Claims of Lien in

July and August 2008 by the Tamarack Municipal Association, Inc. ("TMA"), which liens total

over $463,000 and are unauthorized encumbrances on the Property, and (viii) the recordation on

February 21, 2008, of an unauthorized mortgage in the amount of $780,161.89 against the

Property and in favor of Petra Incorporated.

**(2)   TRLLC's Failure To Comply With Financial Covenants And To Pay Principal And Interest When Due**

On or about July 9, 2007, and at the request of TRLLC, the parties entered into

that certain Waiver and Amendment to Credit Agreement ("First Credit Agreement

Amendment"), dated as of July 9, 2007, pursuant to which the Requisite Lenders (as defined in

the First Credit Agreement Amendment) agreed to temporarily waive (subject to, and in

accordance with, the terms and conditions set forth in the First Credit Agreement Amendment)

until August 3, 2007 (the "First Waiver Period") the Events of Default (as defined in the Credit

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 17**

Agreement) for TRLLC's failure to comply with (i) the Total Debt LTV Ratio covenant set forth in Section 6.6A of the Credit Agreement, and (ii) the Liquidity Test covenant set forth in Section 6.6C of the Credit Agreement.  A true and correct copy of the First Credit Agreement Amendment is attached hereto as Exhibit "8".

On August 3, 2007, the First Waiver Period expired by its own terms, with TRLLC failing to cure the Events of Default and defaults.

On or about August 9, 2007, and at the request of TRLLC, the parties entered into that certain Waiver and Second Amendment to Credit Agreement ("Second Credit Agreement Amendment"), dated as of August 9, 2007, pursuant to which the Requisite Lenders agreed to temporarily waive (subject to, and in accordance with, the terms and conditions set forth in the Second Credit Agreement Amendment) until September 28, 2007 (the "Second Waiver Period") the Events of Default for TRLLC's failure to comply with (i) the Total Debt LTV Ratio covenant, and (ii) the Liquidity Test covenant.  A true and correct copy of the Second Credit Agreement Amendment is attached hereto as Exhibit "9".

On September 28, 2007, the Second Waiver Period expired by its own terms, with TRLLC failing to cure the Events of Default and defaults.

By letter dated October 1, 2007, a true and correct copy of which is attached hereto as Exhibit "10", Credit Suisse notified TRLLC that:

a.      TRLLC's failure to comply with (i) the Total Debt LTV Ratio covenant, and (ii) the Liquidity Test covenant constituted Events of Default under Section 7.1 of the Credit Agreement; and

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 18**

b.      In light of each of these separate and continuing Events of Default, the default interest rate on the Loans was effective immediately pursuant to Section 2.6E of the Credit Agreement.

On or about November 5, 2007, and at the request of TRLLC, the parties entered into that certain Waiver and Third Amendment to Credit Agreement ("Third Credit Agreement Amendment"), dated as of November 5, 2007, pursuant to which the Requisite Lenders agreed to temporarily waive (subject to, and in accordance with, the terms and conditions set forth in the Third Credit Agreement Amendment) until January 31, 2008 (the "Third Waiver Period") the Events of Default for TRLLC's failure to comply with (i) the Total Debt LTV Ratio covenant, and (ii) the Liquidity Test covenant. A true and correct copy of the Third Credit Agreement Amendment is attached hereto as Exhibit "11".

On January 31, 2008, the Third Waiver Period expired by its own terms, with TRLLC failing to cure the Events of Default and defaults.

Notwithstanding the Credit Agreement Amendments, TRLLC remained obligated to comply with its obligations to make principal amortization payments, accrued interest payments, and all other payments pursuant to the Credit Agreement. Among other things, TRLLC was obligated pursuant to Sections 2.6C and 2.8 of the Credit Agreement to make the scheduled payment of principal and interest in the amount of $4,855,510.27 due and payable on December 31, 2007.

On or about December 20, 2007, and at the request of TRLLC, the parties entered into that certain Forbearance Agreement, dated as of December 20, 2007, pursuant to which the Requisite Lenders agreed to temporarily forbear, until February 15, 2008 (the "Forbearance Period"), from exercising their rights and remedies (subject to, and in accordance with, the terms

**AMENDED MOTION OF CREDIT SUISSE AG FOR**
**RELIEF FROM THE AUTOMATIC STAY - 19**

and conditions set forth in the Forbearance) in the event TRLLC failed to make the scheduled
payment of principal and interest on December 31, 2007. A true and correct copy of the
Forbearance Agreement is attached hereto as Exhibit "12".

TRLLC failed to make the scheduled payment of principal and interest due on
December 31, 2007 (the "Required Payment").

On February 15, 2008, the Forbearance Period expired by its own terms, with
TRLLC failing (i) to deliver the Required Payment, and (ii) to pay to Lenders a one time
forbearance fee due on the last day of the Forbearance Period (the "Forbearance Period End Date
Fee"). Pursuant to the Loan Documents, the Forbearance End Date Fee is an additional
Obligation under the Loan Documents.

By letter dated February 20, 2008, a true and correct copy of which is attached
hereto as Exhibit "13", Credit Suisse notified, among others, TRLLC, TRC Whitewater and TRC
Village Plaza that:

a.       TRLLC's failure to make the Required Payment constituted an Event of
Default under Section 7.1 of the Credit Agreement; and

b.       In light of each of the separate and continuing Events of Default, and the
Events of Default for TRLLC's failure to comply with the Total Debt LTV Ratio covenant and
TRLLC's failure to comply with the Liquidity Test covenant, each of the (i) unpaid principal
amount and accrued interest on the Loan, and (ii) all other Obligations (as defined in the Loan
Documents) were immediately due and payable.

(3)       **TRLLC's Permitting Of Prohibited Mechanics' Liens
And Other Encumbrances Against The Property**

Beginning in November 2007 and continuing through December 2008, 91 notices
of mechanic's liens have been recorded against the Property, which notices assert 127 separate

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 20**

claims against various portions of the Property (the "Mechanic's Liens"). The Mechanic's Liens total approximately $22,967,025.

In addition, on or about February 29, 2008, Credit Suisse was first made aware that on or about February 21, 2008, Petra Incorporated ("Petra") recorded a purported mortgage, in the amount of $780,161.89, against certain portions of the Property (which mortgage purportedly was granted to Petra by TRC Trillium (a TRLLC Subsidiary) on or about January 30, 2008), and was recorded with the County Recorder of Valley County, Idaho as Instrument No. 329398, a true and correct copy of which is attached hereto as Exhibit "14".

Furthermore, approximately 55 Notices of Delinquent Assessments and Claims of Lien were recorded by TMA pursuant to the Fourth Amended and Restated Bylaws of Tamarack Resort Association, Inc., on July 7 and August 26, 2008, totaling $463,618.95, and which are prohibited encumbrances against the Property.

Finally, BAG Property Holdings, LLC ("BAG") has asserted that TRLLC breached certain agreements with BAG (collectively, the "BAG Agreements"), which has resulted in (i) the purported termination of the BAG Agreements (pursuant to which BAG would purchase property at the Project, partner with a luxury hotel chain to build a four or five star hotel on the property it purchased, and sell luxury condominium and condominium hotel units built on the purchased property), and (ii) the assertion of a vendee's lien against the Property for $ 21.7 million, which lien is a prohibited encumbrance against the Property.

### (4)   TRLLC's Unauthorized Merger Of TRLLC Subsidiaries With And Into TRLLC

On or about February 22, 2008, Credit Suisse first became aware that on or about February 15, 2008 (and unbeknownst to Credit Suisse at that time), and as set forth in more detail in Paragraph 42, TRLLC caused the following subsidiaries (collectively, the "TRLLC

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 21**

Subsidiaries") -- 100% of which membership interests were pledged to Credit Suisse as additional collateral for the Loan -- to merge with and into TRLLC:  TRC Whitewater, TRC Village Plaza, Tamarack Resort Realty LLC ("TRC Realty"), Trillium Valley Construction LLC ("TRC Trillium"), Tamarack Community Housing, LLC ("TRC Housing"), Tamarack Video & Telecom LLC ("TRC Video"), Club at Tamarack, LLC ("TRC Club"), Lake Plaza, LLC ("TRC Plaza"), West Mountain Resort Rentals LLC ("TRC Mountain Resort"), Clearwater Construction LLC ("TRC Clearwater"), Heritage Construction LLC ("TRC Heritage"), Tamarack Millcreek Construction LLC ("TRC Millcreek"), and Village Plaza Retail LLC ("TRC Retail").

By letter dated March 5, 2008, a true and correct copy of which is attached hereto as Exhibit "15", Credit Suisse notified TRLLC that:

a.    The mergers of TRC Realty, TRC Whitewater, TRC Village Plaza, TRC Video, TRC Club, TRC Plaza, TRC Mountain Resort, TRC Trillium, TRC Clearwater, TRC Heritage, TRC Millcreek, TRC Retail, and TRC Housing with and into TRLLC (the "Unauthorized Mergers") breached the covenants set forth in Sections 5.16(d), 5.16(f), 5.16(g), 5.16(i), 6.7 and 6.8 of the Credit Agreement, and constituted immediate Events of Default under Section 7.3 of the Credit Agreement;

b.    TRLLC's failure to deliver an Officer's Certificate (as defined in the Credit Agreement) specifying an Event of Default, pursuant to Section 5.3(xii) of the Credit Agreement, with respect to the Unauthorized Mergers, constituted an immediate Event of Default under Section 7.3 of the Credit Agreement;

c.    The filing of the mechanics' liens encumbering the Property (as described above) constituted a default under Section 6.2 of the Credit Agreement, and an Event of Default under Section 7.3 of the Credit Agreement; and

**AMENDED MOTION OF CREDIT SUISSE AG FOR**
**RELIEF FROM THE AUTOMATIC STAY - 22**

d.     TRC Trillium's purported grant of a mortgage to Petra (as described above) constituted a default under Section 6.2 of the Credit Agreement and an Event of Default under Section 7.3 of the Credit Agreement.

Because of the continuing Events of Default described above, and pursuant to Section 7 of the Credit Agreement, on or around March 3, 2008, the Requisite Lenders authorized Credit Suisse in writing to commence the exercise of remedies under the Loan Documents.

On March 11, 2008, Credit Suisse filed the Complaint in the Tamarack Action.

### 3.     Subsection (b)(3) of Local Bankruptcy Rule 4001.2

As to subsection (b)(3), TRLLC has failed to repay the Loan and all other Loan Obligations.  Pursuant to the Loan Documents, as of September 30, 2009, TRLLC owed an amount not less than $292,626,844.47, which is comprised of the (i) outstanding principal amount of the Loan in the amount of $247,750,000.00, (ii) accrued and unpaid interest on the outstanding principal balance of the Loan in the amount of $44,604,523.14, (iii) unpaid Forbearance Period End Date Fee in the amount of $247,750.00, and (iv) accrued and unpaid interest on the outstanding Forbearance Period End Date Fee in the amount of $24,571.33. Attached hereto as Exhibit "16" is a true and correct itemization of the amounts currently claimed to be due upon the loan obligations; provided, however, that interest, other expenses, costs and fees (including attorneys' fees and costs) also have accrued and will continue to accrue under the terms of the Loan Documents.

Furthermore, TRC Whitewater and TRC Village Plaza (two of the Guarantors pursuant to the Subsidiary Guaranty) have failed to repay the Loan and all other Loan Obligations, which failure constitutes a default under Section 4.1 of the TRC Whitewater/TRC

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 23**

Village Plaza Mortgage and an Event of Default under Section 5.1 of the TRC Whitewater/TRC

Village Plaza Mortgage.

### 4.     Subsection (b)(4) of Local Bankruptcy Rule 4001.2

As to subsection (b)(4), the estimated value of the Collateral is no more than

$24,200,000 as of September 9, 2008, as reflected in the Appraisal of Real Property of Tamarack

Resort prepared by Cushman & Wakefield of Colorado, Inc. ("Appraisal Report"), a copy of

which is attached to the Affidavit of Christopher T. Donaldson, which is attached hereto as

Exhibit "17."

### 5.     Subsection (b)(5) of Local Bankruptcy Rule 4001.2

As to subsection (b)(5), copies of all documents evidencing the obligation and the

basis of perfection of Credit Suisse's collateral interest ("Loan Documents") are attached hereto

as Exhibits 1-15.

### 6.     Subsection (b)(6) of Local Bankruptcy Rule 4001.2

As to subsection (b)(6), copies of the recorded documents demonstrating Credit

Suisse's perfected status are attached as Exhibits 1-15.

### 7.     Subsection (b)(7) of Local Bankruptcy Rule 4001.2

As to subsection (b)(7), the notice required by subsection (g) and the proof of

service required by subsection (h) are attached to this Motion.

### 8.     Subsection (b)(8) of Local Bankruptcy Rule 4001.2

As to subsection (b)(8), and because a preliminary hearing has already been set in

this case, no compliance with Section (8) is necessary.  In the event the Court grants stay relief,

Credit Suisse will prepare for and provide to the Court a order regarding stay relief, in a form

which reflects the Court's ruling.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 24**

Credit Suisse has complied with all of the requirements of Local Bankruptcy Rule 4001.2(b).

## IV. CONCLUSION AND PRAYER

WHEREFORE, Credit Suisse requests relief as follows:

A.    As to alleged debtor TRLLC and the Real Property, Credit Suisse requests relief from the automatic stay (as limited below) under 11 U.S.C. Section 362(d)(1) for cause.

B.    As to the alleged debtor TRLLC and the Real Property, Credit Suisse requests relief from the automatic stay (as limited below) under 11 U.S.C. Section 362(d)(2), because (1) the Real Property is not necessary to an effective reorganization in this Chapter 7 proceeding; and (2) there is no equity in the Real Property.

C.    Credit Suisse requests, in the alternative, that: (1) the automatic stay be lifted until a final judgment is entered in the Foreclosure Action; or (2) the automatic stay be lifted, at a minimum, until after the trial of the Foreclosure Action, and the entry of findings of fact and conclusions of law by the state court.

D.    Credit Suisse requests a waiver of the fourteen-day waiting period set forth in Bankruptcy Rule 4001(a)(3).

E.    Credit Suisse requests that it be granted such other and further relief as to the Court seems just and equitable.

## NOTICE REQUIRED BY LOCAL BANKRUPTCY RULE 4001.2

Notice is hereby given pursuant to Local Bankruptcy Rule 4001.2, that any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 25**

The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h). Absent the filing of a timely objection, the Court may grant the relief sought without a hearing. The objection shall also contain the notice of hearing required by subsection (e)(1) of Local Bankruptcy Rule 4001.2 and the proof of service required by subsection (h) of Local Bankruptcy Rule 4001.2. If an objection to this motion is filed, the objection shall be served upon the undersigned attorney for the movant and upon all parties receiving service of this motion.

Any party opposing this Motion shall contact the Court's calendar clerk to schedule a preliminary hearing. The objection to a motion shall include the notice of such hearing. Upon court approval, movant may schedule a hearing for cause shown in the motion or other submissions.

Notice is hereby further given, pursuant to Local Bankruptcy Rule 4001.2, that 11 U.S.C. §362(e) reads as follows:

(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 26**

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—

    (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

    (B) such 60-day period is extended—

        (i) by agreement of all parties in interest; or

        (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

DATED this 22nd of December, 2009.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By _____

    Randall A. Peterman – Of the Firm
    Attorneys for Secured Creditor
    Credit Suisse AG, Cayman
    Islands Branch (formerly known as
    Credit Suisse, Cayman Islands Branch)

**AMENDED MOTION OF CREDIT SUISSE AG FOR RELIEF FROM THE AUTOMATIC STAY - 27**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of December, 2009, I filed the foregoing **AMENDED MOTION OF CREDIT SUISSE AG FOR RELIEF FROM THE AUTOMATIC STAY** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brad A. Goergen
GRAHAM & DUNN PC
Pier 70
2801 Alaskan Way, Ste 300
Seattle, WA 98121-1128
*Attorneys for Banc of America Leasing & Capital, LLC*

UNITED STATES TRUSTEE
Washington Group Central Plaza
720 Park Blvd., Suite 220
Boise, ID 83712

J. Ford Elsaesser
Doug B. Marks
James S. MacDonald
ELSAESSER JARZABEK ANDERSON MARKS
    ELLIOTT & MacDONALD, CHTD.
102 S. Euclid, Suite 307
P.O. Box 1049
Sandpoint, ID 83864-0855
*Attorneys for BAG Property Holdings, LLC*

Thomas J. Angstman
Wyatt B. Johnson
ANGSTMAN JOHNSON & ASSOCIATES, PLLC
3649 Lake Harbor Lane
Boise, ID 83703-6913
*Attorneys for Jean-Pierre Boespflug*

David M. Penny
COSHO HUMPHREY, LLP
800 Park Blvd., Suite 790
P.O. Box 9518
Boise, ID 83707-9518
*Attorneys for Hobson Fabricating*

Jill S. Holinka
MOORE SMITH BUXTON & TURCKE, CHTD.
950 W. Bannock, Suite 520
Boise, ID 83702
*Attorneys for TMG/DPMiller LLC*

Larry E. Prince
HOLLAND & HART, LLP
101 S. Capitol Blvd., Suite 1400
P.O. Box 2527
Boise, ID 83701-2527
*Attorneys for State Board of Land Commissioners*

James B. Alderman
John R. Hammond, Jr.
BATT FISHER PUSCH & ALDERMAN LLP
U.S. Bank Plaza, 5th Floor
101 S. Capitol Blvd.
P.O. Box 1308
Boise, ID 83701
*Attorneys for Inland Crane, Inc.*

Client:1468262.2

Kenneth C. Howell
HAWLEY TROXELL ENNIS & HAWLEY, LLP
877 W. Main St., Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
*Attorneys for Wells Fargo Equipment Finance,
Inc.*

Anna E. Eberlin
MEULEMAN MOLLERUP, LLP
755 W. Front St., Suite 200
Boise, ID 83702
*Attorneys for Interior Systems, Inc. and
YMC, Inc.*

Mark D. Perison
MARK D. PERISON, PA
314 S. 9th St., Suite 300
P.O. Box 6575
Boise, ID 83707
*Attorneys for Hopkins Growth Fund LLC*

Thomas G. Walker Jr.
COSHO HUMPHREY, LLP
800 Park Blvd., Suite 790
P.O. Box 9518
Boise, ID 83707
*Attorneys for Petra Incorporated*

Jeffrey M. Wilson
WILSON & MCCOLL
420 W. Washington
P.O. Box 1544
Boise, ID 83701-1544
*Attorneys for United Rentals*

            AND, I FURTHER CERTIFY that on such date I served the foregoing
**AMENDED MOTION OF CREDIT SUISSE AG FOR RELIEF FROM THE
AUTOMATIC STAY** on the following non-CM/ECF Registered Participants in the manner
indicated:

Tamarack Resort LLC
311 Village Drive
Tamarack, ID 83615

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
(X) Overnight Mail
( ) Facsimile

Manuel F. Cachan
MUNGER TOLLES & OLSON
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071-1560

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Kevin E. Dinius
DINIUS & ASSOCIATES, PLLC
5680 E. Franklin Rd., Suite 130
Nampa, ID 83687
Facsimile (208) 475-0101
Attorneys for:
Action Garage Door, Inc.

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 29**

Charles W. Fawcett                                    ( ) U.S. Mail, Postage Prepaid
SKINNER FAWCETT                                       (X) Hand Delivered
515 S. 6th St.                                        ( ) Overnight Mail
P.O. Box 700                                          ( ) Facsimile
Boise, ID  83701-0700
Facsimile  (208) 345-2668
Accepting Service on behalf of:
American Stair Corporation, Inc.
Attorneys for:
Sunbelt Rentals, Inc.

Thomas B. High                                        ( ) U.S. Mail, Postage Prepaid
BENOIT ALEXANDER HARWOOD HIGH &                       ( ) Hand Delivered
VALDEZ LLP                                            (X) Overnight Mail
126 2nd Ave. N.                                       ( ) Facsimile
P.O. Box 366
Twin Falls, ID  83303-0366
Facsimile  (208) 734-1438
Attorneys for Non-Party:
AmeriGas Propane, L.P.

Marc A. Anderson dba                                  ( ) U.S. Mail, Postage Prepaid
Independent Metal FAB                                 ( ) Hand Delivered
12482 Hwy. 44                                         (X) Overnight Mail
Middleton, ID  83644                                  ( ) Facsimile
Registered Agent for:
Marc A. Anderson dba Independent Metal FAB

Kevin Bay                                             ( ) U.S. Mail, Postage Prepaid
RYAN SWANSON & CLEVELAND PLLC                         ( ) Hand Delivered
1201 Third Ave., Suite 3400                           (X) Overnight Mail
Seattle, WA  98101                                    ( ) Facsimile
Facsimile  (206) 621-7568
Attorneys for:
Banner/Sabey II, LLC

**AMENDED MOTION OF CREDIT SUISSE AG FOR**
**RELIEF FROM THE AUTOMATIC STAY - 30**

Client:1468262.2

Bart W. Harwood
HALL FARLEY OBERRECHT
& BLANTON, PA
702 W. Idaho, Suite 700
P.O. Box 1271
Boise, ID 83701-1271
Facsimile (208) 395-8585
Attorneys for:
Banner/Sabey II, LLC

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Boise Staffing LLC
dba Gem State Staffing
Stan E. Visser, Registered Agent
870 Blue Lakes Blvd. N. #4
Twin Falls, ID 83301

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
(X) Overnight Mail
( ) Facsimile

Columbia Paint & Coatings Co.
(now known as Sherwin Williams Co.)
Corporation Service Company,
Registered Agent
1401 Shoreline Dr., Suite 2
Boise, ID 83702
Registered Agent for:
Columbia Paint & Coatings Co. (now known as
Sherwin Williams Co.)

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
(X) Overnight Mail
( ) Facsimile

Ed Guerricabeitia
DAVISON COPPLE & COPPLE, LLP
P.O. Box 1583
Boise, ID 83701
Facsimile (208) 386-9428
Attorneys for:
Corey Barton & Open Door Rentals

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Michael T. Spink
Richard H. Andrus
SPINK BUTLER LLP
251 E. Front St., Suite 200
P.O. Box 639
Boise, ID 83701
Facsimile (208) 388-1001
Attorneys for:
JPMorgan Chase Bank, NA (as to Parcel T
only)

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 31**

Client:1468262.2

Epikos LLC aka Epikos Land
Planning & Architecture
David J. Peugh, Registered Agent
801 N. Third
P.O. Box 2490
McCall, ID 83638
Registered Agent for:
Epikos LLC aka Epikos Land Planning &
Architecture

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
(X) Overnight Mail
( ) Facsimile

Stephen C. Hardesty
Lynnette M. Davis
John K. Olson
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main St., Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Facsimile (208) 954-5213
Attorneys for:
EZA, P.C. dba OZ Architecture of Boulder,
Inc.; Quality Tile Roofing, Inc.

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Eric L. Olsen
Joshua D. Johnson
RACINE OLSON NYE BUDGE & BAILEY
P.O. Box 1391
Pocatello, ID 83204
Facsimile (208) 232-6109
Attorneys for:
First American Title Co.

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
(X) Overnight Mail
( ) Facsimile

Loren C. Ipsen
ELAM & BURKE
251 E. Front St., Suite 300
P.O. Box 1539
Boise, ID 83701
Facsimile (208) 384-5844
Attorneys for:
First Horizon Home Loan Company; Met Life
Home Loans

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 32**

Client:1468262.2

Inland Waterproofing Services, LLC            ( ) U.S. Mail, Postage Prepaid
Shelley Carlson, Registered Agent             (X) Hand Delivered
1100 E. Hayden Ave.                           ( ) Overnight Mail
Hayden, ID  83835                             ( ) Facsimile
Registered Agent for:
Inland Waterproofing Services, LLC

Richard A. Cummings                           ( ) U.S. Mail, Postage Prepaid
CUMMINGS LAW OFFICES                          (X) Hand Delivered
412 E. Park Center, Suite 325                 ( ) Overnight Mail
P.O. Box 1545                                 ( ) Facsimile
Boise, ID  83701-1545
Facsimile  (208) 367-0892
Attorneys for:
J. H. Masonry, Incorporated; Western States
Crane Company

Sheila R. Schwager                            ( ) U.S. Mail, Postage Prepaid
Janine P. Reynard                             (X) Hand Delivered
HAWLEY TROXELL ENNIS & HAWLEY                 ( ) Overnight Mail
P.O. Box 1617                                 ( ) Facsimile
Boise, ID  83701-1617
Facsimile  (208) 954-5261
Attorneys for:
JPMorgan Chase Bank

Knothe-Zior-Casali Construction, LLC          ( ) U.S. Mail, Postage Prepaid
Andrew K. Zior, Registered Agent              ( ) Hand Delivered
1043 Park Blvd., Suite 110                    (X) Overnight Mail
Boise, ID  83712                              (•) Facsimile
Registered Agent for:
Knothe-Zior-Casali Construction, LLC

McCall Spa Company, LLC                       ( ) U.S. Mail, Postage Prepaid
Brandon Cobb, Registered Agent                ( ) Hand Delivered
114 N. Third Suite B                          (X) Overnight Mail
P.O. Box 2910                                 ( ) Facsimile
McCall, ID  83638
Registered Agent for:
McCall Spa Company, LLC

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 33**

Client:1468262.2

Clay M. Shockley                                ( ) U.S. Mail, Postage Prepaid
SASSER & INGLIS, PC                             (X) Hand Delivered
1902 W. Judith Lane, Suite 100                  ( ) Overnight Mail
P.O. Box 5880                                   ( ) Facsimile
Boise, ID 83705
Facsimile  (208) 344-8479
Attorneys for:
MHTN Architects, Inc.

Morrow Equipment Company, LLC                   ( ) U.S. Mail, Postage Prepaid
National Registered Agents, Inc.                ( ) Hand Delivered
1423 Tyrell Lane                                (X) Overnight Mail
Boise, ID  83706                                ( ) Facsimile
Registered Agent for:
Morrow Equipment Company, LLC

William F. Nichols                              ( ) U.S. Mail, Postage Prepaid
WHITE PETERSON GIGRAY ROSSMAN NYE &             (X) Hand Delivered
NICHOLS, PA                                     ( ) Overnight Mail
5700 E. Franklin Rd., Suite 200                 ( ) Facsimile
Nampa, ID  83687-7901
Facsimile  (208) 466-4405
Attorneys for:
North Lake Recreational Sewer & Water
District

O-K Gravel Works, Inc.                          ( ) U.S. Mail, Postage Prepaid
Wade Olson, Registered Agent                    ( ) Hand Delivered
102 Bogie Street                                (X) Overnight Mail
Cascade, ID  83611                              ( ) Facsimile
Registered Agent for:
O-K Gravel Works, Inc.

Overhead Door, Inc.                             ( ) U.S. Mail, Postage Prepaid
Eric A. Stuntz, Registered Agent                ( ) Hand Delivered
2819 E. Leslie Dr.                              (X) Overnight Mail
Meridian, ID  83642                             ( ) Facsimile
Registered Agent for:
Overhead Door, Inc.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 34**

Client:1468262.2

M. Darin Hammond                    ( ) U.S. Mail, Postage Prepaid
SMITH KNOWLES                       ( ) Hand Delivered
4723 Harrison Blvd., Suite 200      (X) Overnight Mail
Ogden, UT  84403                    ( ) Facsimile
Facsimile  (801) 476-0399
Attorneys for:
PCF, Inc. dba Pella Window and Doors

Arnold L. Wagner                    ( ) U.S. Mail, Postage Prepaid
MEULEMAN MOLLERUP LLP               (X) Hand Delivered
755 W. Front St., Suite 200         ( ) Overnight Mail
Boise, ID  83702-5802               ( ) Facsimile
Facsimile  (208) 336-9712
Attorneys for:
Scott Hedrick Construction, Inc.

Samuel A. Diddle                    ( ) U.S. Mail, Postage Prepaid
David M. Swartley                   (X) Hand Delivered
EBERLE BERLIN KADING TURNBOW &      ( ) Overnight Mail
MCKLVEEN, CHTD.                     ( ) Facsimile
1111 W. Jefferson St., Suite 530
P.O. Box 1368
Boise, ID  83701
Facsimile  (208) 344-8542
Attorneys for:
Secesh Engineering, Inc.

SPF Water Engineering, LLC          ( ) U.S. Mail, Postage Prepaid
Christian R. Petrich                ( ) Hand Delivered
600 E. River park Lane, Suite 106   (X) Overnight Mail
Boise, ID  83706                    ( ) Facsimile
Registered Agent for:
SPF Water Engineering, LLC

The Stucco Company, Inc.            ( ) U.S. Mail, Postage Prepaid
Dan Dümmar                          ( ) Hand Delivered
343 E. 4th N., Suite 238            (X) Overnight Mail
Rexburg, ID  83440                  ( ) Facsimile
Registered Agent for:
The Stucco Company, Inc.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 35**

Client:1468262.2

Stephen J. Lord                                ( ) U.S. Mail, Postage Prepaid
ATTORNEY AT LAW                                (X) Hand Delivered
800 W. State St., Suite 200                    ( ) Overnight Mail
Boise, ID  83702-5851                          ( ) Facsimile
Facsimile  (208) 343-3282
Attorney for:
Tamarack Municipal Association

Jess R. Bressi                                 ( ) U.S. Mail, Postage Prepaid
LUCE FORWARD HAMILTON & SCRIPPS LLP            ( ) Hand Delivered
2050 Main St., Suite 600                       (X) Overnight Mail
Irvine, CA  92614                              ( ) Facsimile
Facsimile  (949) 732-3739
Attorneys for:
Tamarack Resort LLC; Lake Plaza
Construction, LLC; Village Plaza Construction,
LLC; Lake Plaza, LLC aka Lake Plaza
Construction, LLC; Lodge at Osprey Meadows
Association, Inc.

Steven J. Millemann                            ( ) U.S. Mail, Postage Prepaid
MILLEMANN PITTENGER MCMAHAN &                  ( ) Hand Delivered
PEMBERTON LLP                                  (X) Overnight Mail
706 N. 1st St.                                 ( ) Facsimile
P.O. Box 1066
McCall, ID  83638-1066
Facsimile  (208) 634-4516
Attorneys for:
Tamarack Resort LLC; Lake Plaza
Construction, LLC; Village Plaza Construction,
LLC; Lake Plaza, LLC aka Lake Plaza
Construction, LLC; Lodge at Osprey Meadows
Association, Inc.

Terri R. Pickens                              ( ) U.S. Mail, Postage Prepaid
Justin T. Cranney                             (X) Hand Delivered
PICKENS LAW, PA                               ( ) Overnight Mail
398 S. 9th St., Suite 240                     ( ) Facsimile
P.O. Box 915
Boise, ID  83701
Facsimile  (208) 954-5099
Attorneys for:
Teufel Nursery, Inc.

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 36**

Terry C. Copple
DAVISON COPPLE & COPPLE, LLP
199 N. Capitol Blvd., Suite 600
P.O. Box 1583
Boise, ID  83701-1583
Facsimile  (208) 386-9428
Attorneys for:
Tri-State Electric, Inc.

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Richard H. Greener
Christopher C. Burke
Fredric V. Shoemaker
GREENER BURKE SHOEMAKER
950 W. Bannock St., Suite 900
Boise, ID  83702
Facsimile  (208) 319-2601
Attorneys for:
West Mountain Golf

( ) U.S. Mail, Postage Prepaid
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Randall A. Peterman

**AMENDED MOTION OF CREDIT SUISSE AG FOR
RELIEF FROM THE AUTOMATIC STAY - 37**

Client:1468262.2