Randal J. French
BAUER & FRENCH
1501 Tyrell Lane
Post Office Box 2730
Boise, Idaho 83701-2730
Telephone (208) 383-0090
Facsimile 383-0412
E-Mail rfrench@bauerandfrench.com
  ISB No. 3032

Attorneys for Tamarack Resort, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | |
| ) | Bkr. Case No. 09-03911-TLM |
| TAMARACK RESORT, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**ANSWER TO INVOLUNTARY PETITION**

COMES NOW Tamarack Resort, LLC ("TRLLC"), the alleged Debtor, by and through its counsel of record, Randal J. French of the firm of Bauer & French, and answers the involuntary petition filed in this case as follows.

Under Code § 303(b) an involuntary petition must be filed by three or more creditors, each of which holds a claim that is "not contingent as to liability or the subject of a *bona fide* dispute as to liability or amount."

Before BAPCPA, the Ninth Circuit Court of Appeals had held that a "dispute as to the amount of the claim gives rise to a *bona fide* dispute only when (1) it does not arise from a wholly separate transaction, *and* (2) 'netting out the claims of debtors' could take the petitioning creditors below the amount threshold of § 303." *In Focus Media,* 378 F.3d 916, 926 (9th Cir. 2004); *In re Seko Investment, Inc.,* 156 F.3d 1005 (9th Cir.1998).

Prior to the BAPCPA amendments, the claim of a petitioning creditor could not be "contingent as to liability or the subject of a *bona fide* dispute." *In re Excavation, Etc., LLC,* Slip Copy, 2009 WL 1871682 (Bkrtcy.D.Or. 2009). The BAPCPA amendments of 2005 added to

ANSWER TO INVOLUNTARY PETITION, p. 1

§ 303 a provision that a claim would be excluded if subject to a *bona fide* dispute *as to liability or amount*, overruling *Seko* and *In Focus*.

> If the *In Focus* rule were to remain in effect, the "and amount" language would be superfluous, since under *In Focus* the only dispute as to amount is a dispute over the entire claim, or at least a big enough dispute that netting out would take the claim below the monetary threshold. It is a basic canon of statutory construction that language be given its full effect. *See e.g., U.S. v. Church of Scientology Western U.S.,* 973 F.2d 715, 717 (9th Cir.1992); *U.S. v. Allen,* 341 F.3d 870, 878 (9th Cir.2003). That would not occur if *In Focus* is applied.

*In re Excavation, Etc., LLC*, Slip Copy, 2009 WL 1871682 (Bkrtcy.D.Or. 2009). As reflected in virtually every document filed by the petitioning creditors, there are numerous genuine issues of material fact that bear upon TRLLC's liability to the petitioning creditors.

> "[S]ubstantial factual and legal questions raised by [a] debtor preclude [a] finding of involuntary bankruptcy." *B.D.W. Associates, Inc. v. Busy Beaver Building Centers, Inc.,* 865 F.2d 65, 66-67 (3rd Cir.1989) (citing and following In re Lough, 57 B.R. 993, 997 (Bankr.E.D.Mich.1986)), "with [the] gloss" in In re Busick, 831 F.2d 745 (7th Cir.1987).

> The outcome of a dispute need not be resolved, only its presence or absence. Consequently, the court need only engage in a limited analysis of the claims at issue. *See In re Ramm Industries, Inc.*, 83 B.R. 815, 822 (Bankr.M.D.Fla.1988). The Court must not, when determining whether there is a *bona fide* dispute, resolve any genuine issues of fact or law. If the court determines that there is indeed a *bona fide* dispute, this ought not be construed as an indication of how the court would resolve that dispute. *In re Lough*, 57 B.R. 993, 997 (Bankr.E.D.Mich.1986).

> *In re Prisuta*, 121 B.R. 474, 476 (Bankr.W.D.Pa.1990). *See also In re Marketing and Creative Solutions, Inc.,* 338 B.R. 300, 305 (6th Cir.BAP2006).

*In re Regional Anesthesia Associates PC*, 360 B.R. 466 (Bkrtcy. W.D. Pa. 2007), *quoting In re Euro-American Lodging Corp.,* 357 B.R. 700 (Bankr.S.D.N.Y.2007).

TRLLC denies that the petitioning creditors satisfy the requirements of 11 U.S.C. § 303(b) to be petitioning creditors. TRLLC demands that each petitioning creditor prove its eligibility under § 303(b)(1).

TRLLC would request that each petitioning creditor provide evidence that it is in fact a creditor of TRLLC. Further, each creditor should prove that each has complied with Idaho Code Section 54-5217(2), which requires that a person must allege and prove that it is a duly registered contractor at all times during the performance of any contract, in order to assert a claim. Alternatively, each creditor must prove that it is exempt from that requirement.

ANSWER TO INVOLUNTARY PETITION, p. 2
Answer to Involuntary Petition\nrg\011410

It appears that the contractor's license for TMG/DP Miller, LLC, JV expired on June 13, 2008 and is not current.  Furthermore, TRLLC believes that TMG/DP Miller, LLC, JV is not a creditor of TRLLC.  Its only contract was with its contractor, Banner/Sabey.  TMG/DP Miller has no contractual relationship with, or claim against, TRLLC.

In addition to proving each petitioning creditor's eligibility to be a petitioning creditor, each should be required to prove its claim, and whether the creditor asserts a secured or unsecured claim.[1]  Petra identifies all creditors, presumably including all of the petitioning creditors, as lien claimants, in litigation in state court to determine whether in fact they have valid liens, and the extent of those valid liens.

As Petra states on pp. 7-8 of its Memorandum in Opposition, "Petra's position in the State Court Lawsuit is that its lien claims are superior to those of Credit Suisse's mortgages . . ." Petra alleges, in its Memorandum in Opposition to Amended Motion of Credit Suisse for Relief from the Automatic Stay at pp. 5-6, that it commenced work on October 1, 2003, and provided services continuously until at least October 18, 2008, giving it a statutory lien senior to Credit Suisse's mortgages.  See also the Affidavit of Jerald S. Frank dated January 8, 2010, Docket No. 68-9, p. 2, ¶ 7. "Petra commenced work . . . on or about October 1, 2003 and provide service and materials continuously thereafter . . ."  Petra may not take a position in this Court, that it is in fact an unsecured creditor, when it takes the contrary position in the state court that it is a secured creditor with a senior lien.

If Hobson and TMG/DP Miller, LLC, JV also assert senior liens in state court, then they may not take a contrary position in this Court, that they are unsecured creditors, eligible to sign an involuntary petition against TRLLC.

Petra also notes that Judge Owens held that Banner/Sabey, a subcontractor at Tamarack Resort, holds a lien that has priority over Credit Suisse's mortgage.  Memorandum in Opposition,

---

[1]TRLLC takes no position on the merits of the various parties' arguments.  For the determination of granting or dismiss an Involuntary Petition, it is enough that there exists a *bona fide* dispute as to the liability or amount of the claim.

ANSWER TO INVOLUNTARY PETITION, p. 3
Answer to Involuntary Petition\nrg\011410

at p. 17.  All of the subcontractors claiming under Banner/Sabey therefore have claims that are secured by Banner/Sabey's lien.  Upon information and belief, TMG/DP Miller is a subcontractor under Banner/Sabey, and its claim would be included in the secured claim of Banner/Sabey.  TMG/DP Miller is not, therefore, a holder of an unsecured claim.

Petra's position also raises a *bona fide* dispute as to the amount of any claim which Petra holds and which is unsecured.  Petra asserts that there is in fact equity in the real property sufficient to provide adequate protection to Credit Suisse.  Memorandum in Opposition to Amended Motion of Credit Suisse for Relief from the Automatic Stay, Docket No. 68, p. 17, second full paragraph.  If so, it would appear that Petra will provide testimony that its claim is in fact secured, because the value of the property is sufficient to pay at least its lien, if not all of the mechanics and materialmens liens, in full.

Banc of America Leasing Company asserts that Credit Suisse's mortgages are defective, because of inadequate legal description.  If so, then every holder of a mechanics or materialman lien would seem to be a secured creditor, and therefore ineligible to be a petitioning creditor for any involuntary petition against TRLLC.  TRLLC takes no position as to whether the legal description is or is not defective.  However, this gives rise to a *bona fide* dispute as to whether any of these creditors hold an unsecured claim.

For these reasons, TRLLC asserts that the creditors who signed the involuntary petition are not "holder[s] of a claim against [TRLLC] that is not . . . the subject of a *bona fide* dispute as to liability or amount, . . . if such non-contingent undisputed claims aggregate at least $13,475 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; . . ."  The Court should dismiss this Involuntary Petition.

## REQUEST FOR ATTORNEY FEES

TRLLC requests that this Court award TRLLC a judgment against the petitioners and in favor of TRLLC for its costs, and for a reasonable attorney's fee, pursuant to § 303(i)(1).  The Court may grant judgment against the petitioners and in favor of TRLLC for costs or reasonable attorney fees. §303(i)(1).

ANSWER TO INVOLUNTARY PETITION, p. 4
Answer to Involuntary Petition\nrg\011410

In exercising its discretion to award costs and attorney fees, this Court is to apply a totality of the circumstances analysis. *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 707 (9th Cir.2004). "[A]lthough the Code has liberalized standards for instituting involuntary cases, because of the potential adverse impact on the debtor and the need to encourage discretion in filing such cases, unsuccessful involuntary petitioners should routinely expect to pay the debtor's legal expenses arising from the involuntary filing." *In re Macke Intern. Trade, Inc.*, 370 B.R. 236 (9th Cir. BAP 2007), *citing Higgins* 379 F.3d at 707. The *Higgins* Court applied a rebuttable presumption in favor of an award of costs and attorney fees, following a motion for costs and attorney fees, after a dismissal under §303(i). *Id.*

The Petitioners may have the opportunity to rebut the presumption in favor of the award of costs and fees. *Higgins* 379 F.3d at 707-708. However, the Petitioners' admission that they seek to use the bankruptcy court to obtain a remedy not available in state court, equitable subordination, and the merits of their petition, weigh against any such effort to rebut.

TRLLC asserts that a reasonable attorney's fee for services rendered would be $15,000. TRLLC requests that this Court make an award of attorney fees in the amount of $15,000, jointly and severally, against all Petitioners.

PUNITIVE DAMAGES UNDER §303(I)(2)

TRLLC asserts that the petitioners filed this involuntary petition in bad faith. The case law identified above establishes the basic standards which the Petitioners knew, or should have known, they had to meet to file an involuntary petition.

> Whether a party acted in bad faith is essentially a question of fact. [Citation omitted.] Bad faith should be measured by an "objective test" that asks "what a reasonable person would have believed." [Citation omitted.]

*In re Wavelength, Inc.*, 61 B.R. 614, 620 (9th Cir. BAP 1986).

Given their arguments in state court, that they have liens under Title 45, Chapter 5 of the Idaho Code, superior to that of Credit Suisse, they could not have reasonably believed that they had unsecured claims that were not the subject of a *bona fide* dispute, as to whether they held

ANSWER TO INVOLUNTARY PETITION, p. 5
Answer to Involuntary Petition\nrg\011410

claims that were unsecured. Whether they prevail on those arguments in state court is not relevant. The *bona fide* dispute is clear.

> The burden was on [Petitioners] to show that [they] satisfied each of the elements found in 11 U.S.C. § 303(b)(1). *See In re Downstate News Group, Inc.,* 2006 WL 1520267, at *1 (Bkrtcy.C. D.Ill.2006). [Their] failure to make even the most basic attempt to satisfy these elements can amount to bad faith. "The filing of a petition may be sanctionable for bad faith under § 303(i)(2) when a petitioner disregards facts which have an impact on the validity of their petition." *In re Val W. Poterek & Sons, Inc.,* 169 B.R. 896, 905 (Bkrtcy.N. D.Ill.1994). Specifically, a creditor acts in bad faith under § 303(i)(2) when it files an involuntary petition knowing it does not have the requisite number of creditors. *Id.* (citing *In re McDonald Trucking Co.,* 76 B.R. 513, 519 (Bankr.W.D.Pa.1987)). No reasonable petitioner would approach the bankruptcy courts where the flaws are manifest and incontestable, namely, that only one of three necessary petitioners appeared before the bankruptcy court and any claims are clearly contestable.

*Draiman v. Multiut Corp.*, 2008 WL 904778 (N.D.Ill.). It does not appear that the failure of the Petitioners to satisfy the requirements of §303(b) is even a close call. The flaws in this Involuntary Petition are manifest and incontestable.

Two of the Petitioning Creditors initiated litigation in state court. *E.g. Petra v. Tamarack Resort LLC, et al.,* CV-2008-0000509-C, filed September 18, 2008 in Valley County, Idaho; *Bank of America v Tamarack resort, LLC*, CV-09-114C. This involuntary petition results from their calculated determination that they need additional claims - equitable subordination - not available in state court, to buttress the claims which they are pursuing in state court. In this involuntary petition, at least two of the Petitioning Creditors take positions that are inconsistent with their state court positions - that they hold unsecured claims in this Court, but secured claims in state court. There is no basis to suggest that any of the claims were not subject to a *bona fide* dispute as to the amount of any claim, or the amount of any unsecured claim, which any of them may have.

TRLLC believes that, under these circumstances, this Court can and should determine that these Petitioners filed this Involuntary Petition in bad faith. It should award punitive damages in an amount to be determined after any hearing on this matter.

RESPECTFULLY SUBMITTED this  14  day of January, 2010.

BAUER & FRENCH

/s/
Randal J. French of the firm, Attorney for TRLLC

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on the  14  day of January, 2010, I submitted a true and correct copy of the foregoing to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including but not limited to, the following:

Office of the U.S. Trustee
Washington Group Central Plaza
720 Park Blvd., Ste. 220
Boise, ID 83712-7764

Jeffrey M Wilson
Wilson & McColl
PO Box 1544
Boise, ID 83701-1544

Brad A. Goergen
Graham & Dunn PC
2801 Alaskan Way Ste 300
Seattle, WA 98121-1128

Mark D. Perison
Mark D. Perison, P.A.
PO Box 6575
Boise, ID 83707-6575

Thomas G. Walker
Cosho Humphrey, LLP
PO Box 9518
Boise, ID 83707-9518

Charles W. Fawcett
Skinner Fawcett
PO Box 700
Boise, ID 83701-0700

David Penny
Cosho Humphrey, LLP
PO Box 9518
Boise, ID 83707-9518

David T. Krueck
Trout Jones Gledhill Fuhrman, P.A.
PO Box 1097
Boise, ID 83701-1617

Jill S. Holinka
White Peterson, PA
5700 E Franklin Rd Ste 200
Nampa, ID 83687-7901

Terry C. Copple
Davison Copple Copple & Copple, LLP
PO Box 1583
Boise, ID 83701-1583

T.J. Angstman
Angstman, Johnson & Associates, PLLC
3649 N Lakeharbor Ln
Boise, ID 83703-6913

Soo Y. Kang
Greener Burke Shoemaker P.A.
950 W Bannock St Ste 900
Boise, ID 83702-6138

Wyatt B. Johnson
Angstman, Johnson & Associates, PLLC
3649 N Lakeharbor Ln
Boise, ID 83703-6913

Lynnette Davis
Hawley Troxell Ennis & Hawley LLP
PO Box 1617
Boise, ID 83701-1617

ANSWER TO INVOLUNTARY PETITION, p. 7
Answer to Involuntary Petition\nrg\011410

Douglas B. Marks
Elsaesser Jarzabek Anderson Marks Elliott & McDonald, Chtd.
PO Box 1049
Sandpoint, ID  83864-0855

Randall A. Peterman
Moffatt Thomas Barrett Rock & Fields, Chtd
PO Box 829
Boise, ID 83701-0829

Larry E. Prince
Holland & Hart LLP
PO Box 2527
Boise, ID 83701-2527

John R. Hammond, Jr.
Batt Fisher Pusch & Alderman LLP
PO Box 1308
Boise, ID  83701-1308

Anna E. Eberlin
Meuleman Mollerup LLP
755 W Front St Ste 200
Boise, ID  83702-5802

Arnold L. Wagner
Meuleman Mollerup LLP
755 W Front St Ste 200
Boise, ID  83702-5802

Kenneth C. Howell
Hawley Troxell Ennis & Hawley LLP
PO Box 1617
Boise, ID  83701-1617

P. Bruce Badger
Fabian & Clendenin
215 S State St Ste 1200
Salt Lake City, UT  84111-2334

Bart W. Harwood
Hall Farley Oberrecht & Blanton PA
PO Box 1271
Boise, ID 83701-1271

Terri R. Pickens
Pickens Law, PA
PO Box 915
Boise, ID 83701-0915

John W. Kluksdal
Hepworth Janis & Brody, Chtd.
PO Box 2582
Boise, ID 83701-2582

Elizabeth W. Walker
Sidley Austin, LLP
555 W 5th St
Los Angeles, CA  90013-1010

Stephen J. Lord
Attorney At Law
800 W State St Ste 200
Boise, ID  83702-5851

   I FURTHER CERTIFY that on the __14__ day of January, 2010, a true and correct copy of the foregoing was served on non-CM/ECF Registered Participants by U.S. Mail addressed as follows:

Manuel Cachan
Munger Tolles & Olson
355 S Grand Ave 35th Fl
Los Angeles, CA  90071-1560

TW Telecom Inc.
Linda Boyle
10475 Park Meadows Dr Ste 400
Lone Tree, CO  80124-5454

BAUER & FRENCH

/s/ _____
Randal J. French of the firm, Attorney for Debtor

ANSWER TO INVOLUNTARY PETITION, p. 8

Answer to Involuntary Petition\nrg\011410