UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>TAMARACK RESORT, LLC,<br><br>Debtor. | Case No. 09-03911-TLM<br>Chapter 7 |

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE, AG FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER came before the Court upon the Amended Motion of Credit Suisse, AG for Relief from the Automatic Stay (CR 37) ("Motion") filed on December 22, 2009 by Credit Suisse, AG, Cayman Island Branch (formerly known as Credit Suisse, Cayman Islands Branch) ("Credit Suisse").

Objections and Responses ("Objections") were filed in response to the Motion by the following parties ("Responding Parties"):

(a) **December 22, 2009--Teufel Nursery, Inc. ("Teufel")** Notice of Non Opposition to Credit Suisse's Emergency Motion for Relief from the Automatic Stay ("Teufel Nursery Objection").

(b) **December 31, 2009--Wells Fargo Bank ("Wells Fargo Bank")** Response to Amended Motion of Credit Suisse, AG for Relief from the Automatic Stay ("Wells Fargo Response").

(c) **December 31, 2009, and January 11, 2010--Petra Incorporated ("Petra")** Objection to the Motion ("Petra Objection"), and Memorandum in Opposition to

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 1**                                           Client:1492686.1

Amended Motion of Credit Suisse for Relief from the Automatic Stay ("Second Petra Objection").

   (d) **January 11, 2010--Bank of America Leasing & Capital, LLC ("BALC")**  Response to Amended Motion of Credit Suisse, AG for Relief from the Automatic Stay  ("BALC Response").

   (e) **January 11, 2010--TMG/DP Miller, LLC, JV ("TMG")**  Joinder in Petitioning Creditors BALC and Petra Responses to Credit Suisse's Amended Motion for Relief from the Automatic Stay ("TMG Response").

   (f) **January 11, 2010--Jean-Pierre Boespflug ("Boespflug")**  Objection to Amended Motion for Relief from Stay (Docket #37) by Jean-Pierre Boespflug and Notice of Hearing ("Boespflug Objection").

   (g) **January 11, 2010--Tamarack Municipal Association ("TMA")**  Response of Tamarack Municipal Association Regarding Credit Suisse's Motion for Relief from the Automatic Stay ("TMA Response").

   (h) **January 14, 2010--North Lake Sewer District ("North Lake")**  Response to Amended Motion of Credit Suisse, AG for Relief from the Automatic Stay ("North Lake Response").

   A preliminary hearing ("Preliminary Hearing") regarding the Motion and the Objections was held before the Court on January 15, 2010, at 9:30 a.m. in Boise, Idaho.  Present at the Preliminary Hearing were attorneys and counsel for Credit Suisse; attorneys and counsel

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 2**      Client:1492686.1

for the alleged debtor Tamarack Resort, LLC ("TRLLC"); attorneys and counsel for all of the Responding Parties; and attorneys and counsel for other parties-in-interest in this matter.

At the Preliminary Hearing counsel for Credit Suisse and Petra provided to the Court a Stipulation between Credit Suisse and Petra, Inc. Regarding the Amended Motion of Credit Suisse for Relief from the Automatic Stay, and Petra's Objection to Such Motion ("Petra Stipulation").  By virtue of that Petra Stipulation, Petra withdrew its Objection to the Motion as a Responding Party.

At the Preliminary Hearing the Court considered the argument and comments of attorneys and counsel for Credit Suisse, TRLLC, the Responding Parties, and other parties in interest.

At the end of the Preliminary Hearing the Court issued its oral findings of fact and conclusions of law ("FOF"), which are hereby incorporated by reference into this Order.

Now therefore, this Court having considered the Motion; the Objections of the Responding Parties; all documents and arguments of parties related to the Motion and the Objections of the Responding Parties; this Court having determined that due and adequate cause for entry of this Order exists in the present case; this Court having determined that due and adequate notice to all necessary parties in interest; and good cause appearing therefore under Section 362(d);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Motion is granted, but only as set forth in this Order.

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 3**                    Client:1492686.1

2. The Objections of the Responding Parties are granted and denied, but only as set forth in this Order.

3. Relief from the automatic stay of 11 U.S.C. Section 362 is hereby granted, under the provisions of 11 U.S.C. Section 362(d)(1) for "cause," but only as set forth in this Order.

4. The automatic stay of 11 U.S.C. Section 362 is hereby modified and lifted, as to both (a) the alleged debtor TRLLC, and (b) the real property and any improvements, fixtures, water rights, easements and all such similar rights ("Real Property"—as set forth on Exhibit A attached hereto and incorporated by reference).

5. The automatic stay of 11 U.S.C. Section 362 is hereby modified and lifted so as to allow the state court in In Re Tamarack Resort Foreclosure And Related Proceedings, Case No. CV-08-114C, filed in the Fourth Judicial District of the State of Idaho, in and for the County of Valley ("State Court Proceeding"), to proceed to determine the validity, priority and amount (included attorneys fees and costs) of any and all mortgages, liens, claims or interests (collectively "Liens") regarding the Real Property, as to any party of the State Court Proceeding, under applicable state law.  In making determinations pursuant to this paragraph 5, the state court may, among other things, enter default orders regarding the validity, priority and amount of Liens against parties that have failed to timely appear and against parties having filed disclaimers of interest and enter orders for partial summary judgments as appropriate regarding the same, consistent with applicable Idaho law.

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 4**    Client:1492686.1

6. The automatic stay of 11 U.S.C Section 362 is further modified and lifted so that discovery may proceed in the State Court Proceeding, but only as to issues to be determined pursuant to paragraph 5 of this Order.

7. Other than a determination in the State Court Proceeding of the validity, priority and amount (including attorneys fees and costs) of the Liens as provided by paragraph 5 of this Order, the automatic stay of 11 U.S.C. Section 362 otherwise remains in full force and effect in the State Court Proceeding.

8. The automatic stay of 11 U.S.C. Section 362 remains in full force and effect as to any discovery regarding equitable subordination under 11 U.S.C. Section 510(c).

9. All parties are hereby granted a waiver from the fourteen (14) day period prescribed by Bankruptcy Rule 4001(a)(3).

// end of text //

DATED: February 2, 2010

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

/s/
J. Ford Elsaesser
Attorneys for BAG Property Holdings, LLC

/s/
Brad A. Goergen
Attorneys for Banc of America Leasing & Capital, LLC

Thomas Walker
Attorneys for Petra, Inc.

/s/
Stephen Lord
Attorneys for Tamarack Municipal Association

/s/
Randal J. French
Attorneys for Tamarack Resort, LLC

/s/
Geoffrey J. McConnell
Attorneys for YMC, Inc., Interior Systems, Inc.,
and Scott Hedrick Construction

/s/
Bart Harwood
Attorneys for Banner/Sabey II, LLC

Janine P. Reynard
Attorneys for EZA, PC, dba OZ Architecture of Boulder

/s/
Paul J. Fitzer

**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 6**

Client:1492686.1

Attorneys for TMG/DP Miller, LLC JV


/s/
David T. Krueck
Attorneys for Kesler Construction, Inc.


/s/
Wyatt B. Johnson
Attorneys for Jean-Pierre Boespflug


**ORDER REGARDING THE AMENDED MOTION OF CREDIT SUISSE
AG FOR RELIEF FROM THE AUTOMATIC STAY - 7**               Client:1492686.1