# EXHIBIT A

ARCHIE N. BANBURY, CLER
BY_____DEPU

JUN 17 2010

Case No._____ Inst. No._____
Filed_____ A.M. 400

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF VALLEY

| IN RE<br>TAMARACK RESORT FORECLOSURE<br>AND RELATED PROCEEDINGS | Case No. CV 08-114C<br><br>Consolidated Cases:<br><br>Case No. CV-08-310C   Case No. CV-08-502C<br>Case No. CV-08-311C   Case No. CV-08-508C<br>Case No. CV-08-312C   Case No. CV-08-509C<br>Case No. CV-08-324C   Case No. CV-08-510C<br>Case No. CV-08-335C   Case No. CV-08-511C<br>Case No. CV-08-356C   Case No. CV-08-512C<br>Case No. CV-08-357C   Case No. CV-08-513C<br>Case No. CV-08-532C   Case No. CV-08-514C<br>Case No. CV-08-557C   Case No. CV-08-521C<br>Case No. CV-08-583C   Case No. CV-08-528C<br>Case No. CV-08-584C   Case No. CV-08-580C<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE VALIDITY OF PLAINTIFF'S MORTGAGES** |
|---|---|

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE
VALIDITY OF PLAINTIFF'S MORTGAGES**           - 1       LA1 1800930v.1

This matter came before the Court upon the Motion for Partial Summary Judgment as to Borrower and Borrower Subsidiaries on the Validity of Plaintiff's Mortgages ("Motion"), filed by Plaintiff Credit Suisse AG, Cayman Islands Branch (formerly known as Credit Suisse, Cayman Islands Branch) ("Plaintiff" or "Credit Suisse"), as against Defendant Tamarack Resort, LLC ("Tamarack" or "Borrower") and its subsidiaries Tamarack Resort Realty LLC, a.k.a. Tamarack Realty ("Tamarack Realty"); Tamarack Whitewater Construction LLC ("TRC Whitewater"); Trillium Valley Construction, LLC ("TRC Trillium"); and Village Plaza Construction, LLC ("TRC Village Plaza") (collectively, "Borrower Subsidiaries").

This Court having reviewed the Motion, the Affidavit of Megan Kane, and all related pleadings and documents; this Court having reviewed the Memorandum in Support of the Motion; this Court having heard the legal argument of counsel at the hearing on the Motion; this Court having determined that Credit Suisse has established that (a) there exists no genuine issue as to any material fact; and (b) Credit Suisse is entitled to a judgment as a matter of law; and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  On May 19, 2006, Tamarack executed a Credit Agreement with Credit Suisse to obtain a "$250,000 Senior Credit Facility" (the "Loan") to finance a project known as Tamarack Resort ("Project").

2.  The Credit Agreement was secured, in part, by two mortgages (defined in the Second Amended Complaint and papers as the "Borrower Mortgage" and the "TRC Whitewater/TRC Village Plaza Real Property" and, collectively, the "Mortgages") respecting the

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE VALIDITY OF PLAINTIFF'S MORTGAGES** - 2   LA1 1800930v.1

Real Property at issue in the action (as defined in the Second Amended Complaint and papers, and legally described in Exhibit 1 to the Kane Affidavit), as evidenced by:

    a.    A Mortgage, Leasehold Mortgage, Security Agreement and Assignment of Rents and Leases and Financing Statement, dated as of May 19, 2006, recorded (i) with the County Recorder of Valley County, Idaho on May 19, 2006, as Instrument No. 308953, and (ii) with the County Recorder of Adams County, Idaho, on May 22, 2006, as Instrument No. 111741. A scrivener's error in the legal description of the property encumbered thereby was corrected by an Affidavit to Correct Legal Description, recorded with the County Recorder of Valley County, Idaho, on June 19, 2006, as Instrument No. 309965;

    b.    A Mortgage, Security Agreement, Assignment of Rents and Leases and Financing Statement, dated as of May 19, 2006, recorded with the County Recorder of Valley County, Idaho, on May 19, 2006, as Instrument No. 308952; and

    c.    All other Loan Documents executed in favor of Plaintiffs, as identified in the Complaint and papers, including among other things, the Subsidiary Guaranty dated as of May 19, 2006, and executed by Borrower Subsidiaries, among others.

3.    On or about February 15, 2008, Borrower merged Borrower Subsidiaries into and with Borrower, as evidenced by:

    a.    Certificate of Merger of Tamarack Resort Realty LLC, an Idaho limited liability company, into Tamarack Resort LLC, a Delaware limited liability company, dated January 31, 2008, filed with the Secretary of State of the State of Delaware on February 15, 2008;

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE VALIDITY OF PLAINTIFF'S MORTGAGES** - 3    LA1 1800930v.1

    b.  Certificate of Merger of Tamarack Resort Realty LLC, an Idaho limited liability company, into Tamarack Resort LLC, a Delaware limited liability company, dated January 31, 2008, filed with the Office of the Secretary of State of the State of Idaho on February 15, 2008;

    c.  Certificate of Merger of Tamarack Whitewater Construction LLC, a Delaware limited liability company, into Tamarack Resort LLC, a Delaware limited liability company, dated January 31, 2008, filed with the Secretary of State of the State of Delaware on February 15, 2008;

    d.  Certificate of Merger of Trillium Valley Construction LLC, a Delaware limited liability company, into Tamarack Resort LLC, a Delaware limited liability company, dated January 31, 2008, filed with the Secretary of State of the State of Delaware on February 15, 2008; and

    e.  Certificate of Merger of Village Plaza Construction LLC, a Delaware limited liability company, into Tamarack Resort LLC, a Delaware limited liability company, dated January 31, 2008, filed with the Secretary of State of the State of Delaware on February 15, 2008.

  4.  Consistent with this Court's ruling in its November 5, 2009 Order, the Court finds that Credit Suisse's Mortgages are valid and enforceable in that the mortgage instruments are in writing, contain a sufficient description of the subject property, are in proper form, were duly executed and acknowledged, and are in proper form.

  5.  Accordingly, Credit Suisse's Mortgages are valid as against Borrower and Borrower Subsidiaries.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE VALIDITY OF PLAINTIFF'S MORTGAGES** - 4   LA1 1800930v.1

6. Moreover, because Borrower Subsidiaries were merged into and with Borrower, Credit Suisse's Mortgages are valid and enforceable against Borrower Subsidiaries in the same manner and to the same extent to which they are valid and enforceable against Borrower.

7. Consistent with the limited relief from stay ordered by the Bankruptcy Court in the matter *In re Tamarack Resort LLC*, No. 09-03911-TLM (Bankr. D. Idaho) ("Bankruptcy Proceeding"), Credit Suisse is hereby entitled to partial summary judgment on the issue of validity of its Mortgages, such that that Credit Suisse would be entitled to foreclosure against Borrower and Borrower Subsidiaries upon satisfying the additional elements of its claim following the lifting of the stay in the Bankruptcy Proceeding.

8. This Order may be supplemented by a final order and decree of foreclosure to be entered in this action at some further date.

DATED this 17 day of June, 2010.

_____
The Honorable Patrick H. Owen
District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BORROWER AND BORROWER SUBSIDIARIES ON THE VALIDITY OF PLAINTIFF'S MORTGAGES** - 5   LA1 1800930v.1