Bart W. Harwood
ISB #1109; bwh@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho  83701
Telephone:  (208) 395-8500
Facsimile:   (208) 395-8585

Kevin A. Bay, *pro hac vice*
WSBA #19821; bay@ryanlaw.com
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone:  (206) 464-4224
Facsimile:   (206) 583-0359

Attorneys for Banner/Sabey II, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO
Boise Division

| | |
|---|---|
| In Re:<br><br>TAMARACK RESORT, LLC,<br><br>　　　　　　　　　　　　　Debtor. | **Case No. 09-03911-TLM**<br>**Chapter 11** |

**BANNER/SABEY II, LLC'S OBJECTION TO DEBTOR'S
MOTION FOR APPROVAL OF POST-PETITION FINANCING**

Banner/Sabey II, LLC ("Banner/Sabey") objects to the Debtor's proposed post-petition financing and priming lien because, as proposed, it provides no adequate protection of Banner/Sabey's secured interest as required by 11 U.S.C. § 364(d)(1)(B).

There are two requirements for a debtor-in-possession to borrow money secured by a senior lien on property of the estate: (1) the inability to obtain credit on better terms, and (2) adequate protection of the secured interests of existing creditors.  11 U.S.C. § 364(d)(1). Whether protection is adequate "depends on how effectively it compensates the secured creditor for loss of value" caused by the superpriority given to the post-petition loan.  *In re Swedeland*

*Dev. Group, Inc.,* 16 F.3d 552, 564 (3rd Cir. 1994), quoting *In re American Mariner*, 734 F.2d 426, 432 (9th Cir. 1984). Thus, "the proposal should provide the pre-petition secured creditor with the same level of protection it would have had if there had not been post-petition superpriority financing." *Id.* If the proposed loan merely passes the risk of loss to the holders of existing liens, the request for borrowing authority should be denied.

Banner/Sabey was the general contractor for construction of the Village Plaza at Tamarack Resort, LLC. Banner/Sabey holds a mechanic's lien against the Village Plaza property. The principal amount of that lien exceeds $6 million. The Idaho State Court has already determined that Banner/Sabey's lien has priority over Credit Suisse's mortgage. *See*, Decl. of Kevin Bay, exh. A.

The Debtor's proposed financing arrangement provides no adequate protection for Banner/Sabey's lien. There is no equity in the Village Plaza property and the Debtor's argument that the DIP financing will somehow create additional equity is unsupported. Accordingly, Banner/Sabey objects to the Debtor's proposed post-petition financing to the extent it proposes a priming lien on the Village Plaza property. Banner/Sabey has no objection to granting the DIP lender a priming lien on the Debtor's numerous other properties.

DATED this 7th day of October, 2010.

RYAN, SWANSON & CLEVELAND, PLLC

By /s/ Kevin A. Bay
    Kevin A. Bay
    Hana A. Kern

HALL, FARLEY, OBERRECHT
  & BLANTON, P.A.

By: Bart W. Harwood - Of the Firm

Attorneys for Banner/Sabey II, LLC