Ford Elsaesser, ISB No. 2205
Suzanne M. Fegelein, ISB No. 7252
Cindy Elliott, ISB No. 4022
ELSAESSER JARZABEK ANDERSON,
ELLIOTT AND MACDONALD, CHTD.
102 South Euclid, Suite 307
P. O. Box 1049
Sandpoint, Idaho 83864
Telephone (208) 263-8517
Facsimile (208) 263-0759
ford@ejame.com
sue@ejame.com
cindy@ejame.com

Attorneys for BAG Property Holdings, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re TAMARACK RESORT, LLC | Case No. CV 09-03911-TLM |
|---|---|
| Debtor. | Chapter 11 |

**OBJECTION TO MOTION
FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING
AND FOR ENTRY OF ORDER APPROVING EMPLOYMENT OF LINKS REALTY
ADVISORS (DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC**

COMES NOW BAG PROPERTY HOLDINGS, LLC, (BAG), and objects to the motions of the debtor to authorize post-petition financing, etc., (Doc. 322) and the motion for entry of order approving the appointment of Links Realty Advisors, Inc., etc. (Doc. 323). In support of this objection, BAG asserts as follows:

**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING
AND FOR ENTRY OF ORDER APPROVING EMPLOYEMNT OF LINKS REALTY ADVISORS
(DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC: 1**

1.   BAG holds a vendee's lien on certain real property owned by the Debtor generally referred to as the Belvedere Ridge parcel; the Whitewater parcel; and the B21 / B22 parcels.  Specifically and pursuant to Idaho Code §45-804, BAG holds statutory vendee's liens on the Belvedere Ridge and Whitewater parcels in the amount of $1.5 million and on the B21 / B22 parcels in the amount of $500,000.  These are undeveloped parcels that BAG and its predecessor, Bayview Financial, had contracted to purchase for the purpose of building a Fairmont Hotel and related improvements at the Tamarack Resort.  A map showing the location of these parcels is attached as Exhibit A.

2.   BAG therefore has a secured claim against these parcels in the amount of $2 million.  The priority of BAG's liens is still the subject of a dispute that is now set for trial on December 13, 2010, before Hon. Patrick Owen, District Court Judge for the Fourth Judicial District of the State of Idaho.  Judge Owen previously has found that BAG is entitled to the vendee's liens as set out above in a memorandum decision dated August 5, 2010, a copy of which is attached as Exhibit B.  The priority dispute with Credit Suisse concerning such vendee's lien is set out on pages 19-23 of Judge Owen's decision.

3.   In addition, BAG holds an unsecured claim against the Debtor in the amount of $19,719,009.00.  BAG believes it is likely the largest unsecured creditor in this Chapter 11 proceeding, with the exception of any deficiency claim allowed to Credit Suisse.

4.   BAG objects to the "priming lien" that is a condition of the proposed post-petition or DIP financing proposal.  The DIP loan proposed would prime the vendee's liens on the three subject parcels, with no meaningful adequate protection for BAG's interest.

**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING AND FOR ENTRY OF ORDER APPROVING EMPLOYEMNT OF LINKS REALTY ADVISORS (DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC: 2**

5. The value of these parcels is unknown in today's distressed real estate market, particularly being contained within a resort that has not operated for over a year and a half, and has no current appraisal that this Court or any of the creditors could rely upon. However, there is a serious risk that allowing the DIP lender to prime BAG (if BAG is found to have a first priority lien in these State Court action) that BAG would therefore be rendered unsecured. Even if BAG is successful in the State Court action, the foreclosing DIP lender, who is obviously simply a cat's paw for Credit Suisse, could "sandwich" the vendee's liens and make BAG's secured claim worthless.

6. The adequate protection proposed in the motion is wholly inadequate. All lenders who have or who might have priority over Credit Suisse's mortgage would have the same "sandwich" potential that BAG has, and since the DIP loan will be in default if there is not a sale of the property, senior lien creditors would then become junior lien creditors, subject to a brand-new foreclosure action by the DIP lender.

7. BAG and other lienholders who are senior to Credit Suisse have been engaged in litigation in the State Court for nearly two years, dealing with the various lien entitlement and priority issues. Those cases are coming to conclusion . BAG's lien, being tried in December 2010, will be the last priority issue to be decided by Judge Owen in the State Court action.

8. Neither Credit Suisse, nor the DIP lender, nor the Debtor have come forth with any evidence in support of the DIP motion that BAG or similarly-situated creditors would be adequately protected since they would immediately become junior to the DIP lender, a related party to Credit Suisse.

**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING AND FOR ENTRY OF ORDER APPROVING EMPLOYEMNT OF LINKS REALTY ADVISORS (DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC: 3**

9. The proposed DIP financing does little or nothing to ensure a successful Chapter 11 sale, either under §363 or a plan of sale. There is no sales protocol described that would give creditors any confidence that the transaction could take place, unless the entire purpose of this is to enable a credit bid by Credit Suisse. If that is the case, then such a sale should simply be proposed. No serious purchaser will enter into an asset purchase agreement knowing that Credit Suisse could simply use its ability to credit-bid to raise the price.

10. With regard to the proposed appointment of a CRO, BAG is not opposed to approval of employment of a qualified CRO. However, in this case, the moving party takes the unprecedented step of asking the Court to *appoint* a CRO with broad powers, without addressing the following: (1) whether Fleischer/Links has ever served in such a capacity in a Bankruptcy Court; (2) disclosure of the full nature of contacts with Credit Suisse; (3) that there was no consultation with other lien creditors or unsecured creditors or the Unsecured Creditors Committee concerning the choice and appointment of the CRO; (4) that no reason is given as to why Fleischer/Links would have a different payment structure depending on whether Credit Suisse was the successful bidder; (5) that no basis was given for the requested broad indemnifications and exculpations that essentially give the CRO full immunity, which is greater than any court-appointed fiduciary, such as a Chapter 11 trustee or Chapter 7 trustee could ever hope to enjoy.

11. BAG further joins in all of the grounds for objections stated in the objections of the Unsecured Creditors Committee (Doc. 335), the office of the United States Trustee (Doc. 339); Banner/Sabey (Doc. 340); North Lake Recreational Sewer & Water District (Doc. 343); and Wells Fargo Bank, National Association (Doc. 344).

**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING AND FOR ENTRY OF ORDER APPROVING EMPLOYEMNT OF LINKS REALTY ADVISORS (DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC: 4**

Wherefore, the objecting party, BAG requests that the motions to obtain post-petition financing and to appoint a CRO be denied, without prejudice.

DATED: October 8, 2010

          ELSAESSER JARZABEK ANDERSON
          ELLIOTT & MACDONALD, CHTD.
            FORD ELSAESSER
            SUZANNE FEGELEIN
            CINDY ELLIOTT


By: /s/ Ford Elsaesser
     FORD ELSAESSER

CERTIFICATE OF SERVICE

I, Lois LaPointe, declare as follows:

I am employed by Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., as a PACE Registered Paralegal / Legal Assistant to Ford Elsaesser, attorneys for BAG Property Holdings, LLC, in Sandpoint, Bonner County, Idaho; I am over the age of 21; and I am not a party to the above-entitled action; my business address is 102 South Euclid Avenue, Suite 307, P. O. Box 1049, Sandpoint, ID 83864.

I certify that I served the foregoing upon the parties as shown on the **Notice of Electronic Filing** by electronic means through the Court's Case Management / Electronic Case File system on **October 8, 2010.**

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this  8$^h$  day of October, 2010.


/s/   Lois LaPointe
PACE Registered Paralegal and
Legal Assistant to Ford Elsaesser
lois@ejame.com

Elsaesser Jarzabek Anderson
Elliott & Macdonald, Chtd.
Attorneys for BAG Property Holdings, LLC


**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING POST-PETITION FINANCING AND FOR ENTRY OF ORDER APPROVING EMPLOYEMNT OF LINKS REALTY ADVISORS (DOCKETS 322 AND 323) BY BAG PROPERTY HOLDINGS, LLC: 6**